FILED

2015 Feb-12  PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. WIGGINS, JR., et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:12-cv-02705-SGC** |
| | } | |
| **FDIC, as Receiver of Superior Bank,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on a Report and Recommendation related to Defendant's Motion to Dismiss.  (Doc. 4).  On January 15, 2015, the Magistrate Judge entered a Report and Recommendation in this case (Doc. 16), recommending that the court:

(1)     deny Defendant's Motion to Dismiss as to Plaintiffs' Counts One and Two,

(2)     order Plaintiffs to amend their Complaint to join Frank P. Ellis, IV ("Ellis"), and Character Counts, LLC ("CCLLC") as defendants as to Counts One and Two, and

(3)     deny Defendant's Motion to Dismiss as to Plaintiffs' Count Three.

(Doc. 16 at 24-25).  The parties were allowed fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge.  (Doc. 16 at 25).  On January 30, 2015, Defendant filed objections to the Magistrate Judge's Report and Recommendation.  (Doc. 18).

After careful consideration of the Magistrate Judge's Report and Recommendation, Defendant's objections, and the record, the court **ADOPTS IN PART** and **ACCEPTS IN PART** the Report and Recommendation of the Magistrate Judge.  The court **ACCEPTS** the Magistrate Judge's report with respect to recommendations (1) and (2) above.  However, the court **REJECTS** the report as to recommendation (3).  The court concludes that Defendant's

Motion to Dismiss as to Count Three is due to be granted in the alternative, and Plaintiffs should be permitted leave to amend their Complaint to state a breach of contract claim.

Plaintiffs' claim in Count Three[1] expressly asserts a tortious breach of an implied-in-law duty of good faith and fair dealing.  The Magistrate Judge has explained -- quite correctly -- why it is that Plaintiffs are *capable* of stating a breach of contract claim for the failure of Superior Bank to notify or obtain the consent of its sureties (*i.e.*, Plaintiffs); however, the explicit language contained in Count Three of the Complaint does not actually put forth a contract claim:

> The foregoing acts and omissions of Superior Bank *tortiously* breached the implied-in-law duty of good faith and fair dealing that were part of the loan documents, and other agreements and understandings connected therewith, including, without limitation, the duty not to interfere with the rights of Wiggins and Wolf Pup LLC that were part of such agreements and understandings.

(Doc. 1, Compl. ¶ 43 (emphasis added)).  The Supreme Court of Alabama has made clear that such a substantive cause of action which sounds in tort cannot be sustained under Alabama law. *Tanner v. Church's Fried Chicken, Inc.*, 582 So. 2d 449, 452 (Ala. 1991) (citing *Chandler v. Hunter*, 340 So. 2d 818, 821 (Ala. Civ. App. 1976)); *Gov't Street Lumber Co. v. AmSouth Bank, N.A.*, 553 So. 2d 68, 72 (Ala. 1989). In light of the unambiguous language included by Plaintiffs in paragraph 43 of the Complaint, the court declines Plaintiffs' invitation to treat the plain language of Count Three as merely one for a breach of contract claim.

Rather, the better course of action is not to "imply" a breach of contract (a claim simply not made, at present, in the pleadings), but to instead grant Plaintiffs the opportunity to amend their Complaint to actually state such a claim.

A separate order in accordance with the Memorandum Opinion will be entered.

---

[1] To be clear, the court understands the Magistrate Judge to have determined that Plaintiffs have properly *alleged* that they are parties to the Loan Assumption and Modification Agreement, but has not yet made a conclusive finding of fact in that respect.  (*Cf.* Doc. 18 at 2-3).

**DONE** and **ORDERED** this February 12, 2015.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE