FILED
2016 Mar-08 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# MEMBERSHIP INTEREST PLEDGE AGREEMENT

AGREEMENT dated as of October 5, 2007, by and between FRANK P. ELLIS, IV ("Ellis") and JOSEPH SCOTT RALEY ("Raley") (Ellis and Raley being hereinafter sometimes referred to collectively as "Pledgors") and WOLF PUP, LLC ("Pledgee").

WITNESSETH:

WHEREAS, contemporaneously with the execution of this Agreement, Character Counts, LLC ("CCLLC"), and Ellis, among others as applicable, have executed the "Loan Documents" or "Loan Agreements" as defined in that certain Continuing Guaranty (Unlimited), executed and delivered simultaneously herewith by Frank P. Ellis, IV to Superior Bank, which Loan Documents create and guaranty the obligations and liabilities described therein (being hereinafter collectively referred to as the "Obligations"); and

WHEREAS, to induce Pledgee to enter into and accept the Loan Documents, Pledgors have agreed to pledge their collective one hundred percent (100%) membership interest in CCLLC (i.e., 80% owned by Ellis, and 20% owned by Raley) (collectively, the "Pledged Interest") as security for the full payment and performance of all Pledgors' obligations under the Loan Documents and all of the Obligations.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained in the Loan Agreements and herein, the parties hereby agree as follows:

1. PLEDGE - SECURITY INTEREST. As security for the performance by Pledgors and CCLLC, as applicable, of the Obligations, in each case as from time to time amended, modified, extended, supplemented or replaced, Pledgors hereby grant a security interest in and pledge the Pledged Interest to Pledgee, together with the proceeds thereof and all cash, securities or other property at any time and from time to time receivable or otherwise distributed in respect of or in exchange for any or all of the Pledged Interest.

2. REPRESENTATIONS. Pledgors, jointly and severally, represent and warrants that each is the holder of record and sole beneficial owner of the Pledged Interest (as set forth in the recital above), which are validly issued and are fully paid and non-assessable; that each has good and marketable title to the Pledged Interest; and that the Pledged Interest is free of all mortgages, pledges, liens, security interests, conditional sale or other title retention agreements, charges or encumbrances and adverse claims of any kind whatsoever.

3. VOTING RIGHTS. During the term of this pledge, except as otherwise provided in the 1% Agreement, Pledgors shall have the right to vote the Pledged Interest on all matters properly submitted to a meeting of the Members of Pledgee unless Pledgors or CCLLC is then in default or otherwise failing to perform any of its obligations under this Agreement, the Loan Documents, or any documents referred to therein, or any of the Obligations. By execution of this Agreement, Pledgors shall be deemed to have executed a due and timely proxy in favor of Pledgee to be effective upon any such default. Anything herein to the contrary notwithstanding, Pledgors agree that, without the prior written consent of Pledgee, Pledgors will not (a) amend or supplement the Articles of Organization, Operating Agreement or other constituent documents of CCLLC, (b) sell



or transfer or attempt to sell or transfer the Pledged Interest or any interest therein, or suffer to exist any lien, claim, encumbrance or security interest (other than as created hereby) on the Pledged Interest, or (c) permit the creation of or sale or other distribution to any person of any membership interest in CCLLC; provided, however, that Pledgor may transfer membership interests in CCLLC to new members so long as: (i) Ellis remains a majority owner in CCLLC; (ii) Raley remains a 10% owner of CCLLC; and (iii) each new transferee/member agrees to and becomes party to each of the Loan Documents, including, but not limited to a guaranty in the form of the Guaranty.

4. <u>DISTRIBUTIONS</u>. During the term of this pledge, Pledgors shall have the right to payment of all distributions and other amounts as a result of Pledgors' record ownership of the Pledged Interest unless Pledgors or CCLLC is then in default or otherwise failing to perform any of his or its obligations under this Agreement, the Loan Documents, or any documents referred to therein, or the Obligations, in which events Pledgee shall have the right and power to receive, endorse and collect all checks and other orders for the payment of money made payable to Pledgors representing any distribution payable in respect of the Pledged Interest or any part thereof for purposes of applying said payments to the delinquent amounts due under the Obligations.

5. <u>ADJUSTMENTS</u>. In the event that, during the term of this Agreement, any reclassification, readjustment, or other changes are declared or made in the capital structure of CCLLC, then any and all new, substituted and additional membership interests or other intangibles or securities thereof issued to Pledgors by reason of any such change shall be held by Pledgee under the terms of this Agreement in the same manner as the Pledged Interest originally pledged hereunder.

6. <u>REMEDIES UPON DEFAULT</u>. If Pledgors or CCLLC shall breach or otherwise fail to perform pursuant to any of the Loan Documents, or any agreements referred to therein, or pursuant to any of the Obligations, Pledgee shall have all rights and remedies of a secured party under the Uniform Commercial Code and all other applicable laws, including, without limitation, additionally shall have the express right to sell the Pledged Interest, or any part thereof, and the express right to sell any condominium units at Wolf Bay Landing Condominiums owned by CCLLC, with or without notice (other than as required by law) to Pledgors at public or private sale, for cash, upon credit or for future delivery as Pledgee shall deem appropriate. The only proof Pledgee need produce to third parties of such breach or failure to perform by Pledgors or CCLLC shall be either notice of default from Superior Bank (as regards the loan assumed pursuant to the Loan Documents) or Pledgee's written certification of breach or failure to perform. Pledgee shall have the right to assign, transfer, and deliver the Pledged Interest, and/or title to any condominium unit(s) at Wolf Bay Landing Condominiums, to the purchaser at any such sale (including Pledgee) and any such purchaser shall hold the Pledged Interest, or Wolf Bay Landing Condominium unit(s) sold, absolutely free from any claim or right on the part of Pledgors or CCLLC, and Pledgors and CCLLC hereby waive (to the extent permitted by law) all right of redemption, stay or appraisal which Pledgors or CCLLC now has or may at any time in the future have under any rule of law or statute now existing or hereafter enacted. Pledgors and CCLLC agree that five (5) days' notice to Pledgors of the time and place of any public sale or the time after which any private sale is to be made shall constitute reasonable notification, that Pledgee shall not be obligated to make any sale of the Pledged Interest, or any Wolf Bay Landing Condominium unit(s), regardless of notice having been given and that Pledgee may adjourn any public or private sale from time to time by

announcement at the time and place fixed therefore. As an alternative to exercising the power of sale herein conferred upon them, Pledgee may proceed by a suit or suits at law or in equity to foreclose the rights of Pledgors under this Agreement and to sell the Pledged Interest, and/or any Wolf Bay Landing Condominium unit(s), or any portion thereof, pursuant to a judgment or decree of a court or courts having competent jurisdiction. Any sale of the Pledged Interest hereunder shall conform to commercially reasonable standards, as provided in Section 9-504(3) of the Uniform Commercial Code as in effect in the State of Alabama, as amended. The Pledgors hereby appoint any attorney, officer or agent of Pledgee to record the transfer of the Pledged Interest on the books and records of CCLLC consistent with the foregoing.

7. APPLICATION OF PROCEEDS OF SALE AND CASH. The proceeds of any sale of Pledged Interest, and/or any Wolf Bay Landing Condominium unit(s), sold pursuant to Paragraph 6 hereof shall be applied by Pledgee as follows:

> FIRST: To the payment of all costs and expenses incurred by Pledgee in connection with such sale, including, but not limited to, all real estate commissions, court costs, costs of compliance with federal and state securities laws and reasonable fees and expenses of counsel for Pledgee, and to the repayment of all advances made by Pledgee hereunder for the account of Pledgors to the extent that such advances, costs, and expenses shall not have been paid to Pledgee upon its demand therefor; and
>
> SECOND: To the payment in full of all unpaid principal, interest and other amounts due and owing under or with respect to the Loan Documents and/or Obligations.

Any amounts remaining after such applications shall be remitted to Pledgors or as a court of competent jurisdiction may otherwise direct. In the event that the proceeds of any such sale are insufficient to cover the unpaid principal and interest of the Obligations plus expenses of the sale, together with any other amounts due under the Loan Documents, Pledgors shall remain liable to Pledgee for any deficiency.

8. NO WAIVER. No failure on the part of Pledgee to exercise, and no delay in exercising, any right, power, or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, power or remedy by Pledgee preclude any other or further exercise of any other right, power or remedy. All remedies hereunder are cumulative and are not exclusive of any other remedies provided by law.

9. TERMINATION. This Agreement shall terminate upon the satisfaction of all of CCLLC's and Pledgors' obligations under the Obligations. At such time, Pledgee shall reassign and deliver to Pledgors such Pledged Interest as shall not have been sold or otherwise applied by Pledgee pursuant to the terms hereof, and appropriate instruments of reassignment and release. Any such reassignment shall be without recourse upon or warranty by Pledgee (except against those persons claiming under or through Pledgee) and at the expense of Pledgors.

10. MISCELLANEOUS. All representations, warranties and agreements made herein by any of

the parties hereto shall survive consummation of the transactions contemplated hereby. This Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of Alabama, applied without giving effect to conflict-of-laws principles. All notices, requests, demands or other communications hereunder shall be in writing and shall be addressed to the address of the recipient shown below (or such other address as the recipient shall have specified from time to time) and shall become effective (1) when received if delivered by personal delivery, overnight mail or courier service or facsimile transmission or (2) five (5) business days after being deposited in the United States mail, postage pre-paid, return receipt requested; provided that any facsimile transmission shall be promptly confirmed by another of the methods described in this paragraph, receipt being deemed to occur when such transmission itself is received except if receipt by facsimile cannot be established conclusively in which event receipt shall be deemed to occur when the confirmation is received. The provisions of this Agreement shall be severable and if any provision shall be invalid, void or unenforceable in whole or in part for any reason, the remaining provisions shall remain in full force and effect. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors and assigns. Neither this Agreement nor any term or provision hereof may be changed, modified, waived, discharged or terminated orally or in any manner other than by an instrument in writing, signed by the party against whom the enforcement of such change, modification, waiver, discharge or termination is sought. Pledgors shall perform any further acts and execute and deliver any documents which may be reasonably necessary to carry out the provisions of this Agreement. The captions or headings in this Agreement are made for convenience and general reference only and shall not be construed to describe, define or limit the scope or intent of the provisions of this Agreement. As used herein, all masculine pronouns shall include the feminine or neuter, and all singular terms the plural forms thereof, and vice versa. In the event that it becomes necessary for Pledgee to initiate litigation for the purpose of enforcing any of its rights hereunder or for the purpose of seeking damages for any violation hereof, then, in addition to all other judicial remedies that may be granted, Pledgee shall be entitled to recover reasonable attorneys' fees and all other cost that may be sustained by it in connection with such litigation. For purposes of any action or proceeding involving this Agreement, each party hereby expressly submits to the jurisdiction of all federal and state courts located in the State of Alabama and consents to be served with any process on paper by registered mail or by personal service within or without the State of Alabama in accordance with applicable law, provided a reasonable time for appearance is allowed. The parties hereby waive, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any such action or proceeding. This Agreement has been drafted by counsel for Pledgee as a convenience to the parties only and shall not, by reason of such action, be construed against Pledgee or any other party. Pledgors acknowledge and agree that each has had full opportunity to review this Agreement and has had access to counsel of his choice to the extent he deems necessary in order to interpret the legal effect hereof. This Agreement may be executed in any number of counterparts, which together shall constitute a single fully executed agreement. This Agreement and the written documents referred to or described herein contains the entire agreement of the parties hereto regarding the transactions contemplated hereby and thereby and supersedes all prior negotiations or agreements among such parties regarding such transactions.

11. A. Future members of CCLLC will sign guarantees to Superior Bank the same as

Pledgors.

B. First priority to satisfaction of indebtedness is to the collateral.

C. Neither Wolf Pup, LLC nor its members shall interfere with CCLLC's assumption of the Superior Bank debt.

12. All indebtedness to Superior Bank shall be refinanced, or otherwise paid in full, on or before one (1) year from the date hereof, and the current guarantors thereof released, or the Borrowers shall be considered in default, and in default of the Loan Documents. Any new members of Character Counts, LLC shall execute similar guarantees as this.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

PLEDGORS:

FRANK P. ELLIS, IV
Address: 9707 Woodlake Place
New Market MD
21774

JOSEPH SCOTT RALEY
Address: 1240 Commerce Dr
Golf Shores, AL
36542

PLEDGEE:

WOLF PUP, LLC

By: [signature]
Its: Authorized Representative

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Laurel A. Swope 205-250-8383

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Laurel A. Swope
Baker, Donelson, Bearman, Caldwell & Berkowitz
A Professional Corporation
420 20th Street North, Suite 1600
Birmingham, AL 35203

Alabama
Sec. Of State
B 07-0892276 FS
Date 10/25/2007
Time 16:07
1 Pg
File $20.00
Expg $.00
Ackn $.00
Form $.00
Total $20.00
04/095

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| Ellis | Frank | P. | IV |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1230 I-65 Service Road North | Mobile | AL | 36617 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wolf Pup, Inc. | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 301 19th Street North | Birmingham | AL | 35203 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All membership interests in Character Counts, LLC, an Alabama limited liability company, now or hereafter owned by Debtor, including, without limitation, the eighty percent (80%) membership interest in Character Counts, LLC owned by Debtor on the date of filing of this UCC financing statement, and all proceeds thereof, and all cash, securities or other property at any time and from time to time receivable or otherwise distributed in respect of or in exchange for any or all of such membership interests.

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]
7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
Alabama Secretary of State

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

Laurel A. Swope 205-250-8383

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Laurel A. Swope
Baker, Donelson, Bearman, Caldwell & Berkowitz
A Professional Corporation
420 20th Street North, Suite 1600
Birmingham, AL 35203

Alabama
Sec. Of State
# 07-0892282 FS
Date 10/25/2007
Time 16:08
1 Pg
File $20.00
ExPg $.00
Ackn $.00
Form $.00
Total $20.00
04/096

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| Raley | Joseph | Scott | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P. O. Box 2077 | Gulf Shores | AL | 36547 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wolf Pup, Inc. | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 301 19th Street North | Birmingham | AL | 35203 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All membership interests in Character Counts, LLC, an Alabama limited liability company, now or hereafter owned by Debtor, including, without limitation, the twenty percent (20%) membership interest in Character Counts, LLC owned by Debtor on the date of filing of this UCC financing statement, and all proceeds thereof, and all cash, securities or other property at any time and from time to time receivable or otherwise distributed in respect of or in exchange for any or all of such membership interests.

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

Alabama Secretary of State

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)