FILED
2016 Mar-08  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## AGREEMENT

THIS AGREEMENT is made effective as of the ___5th___ day of ___October___, 2007 by FRANK P. ELLIS, IV and CHARACTER COUNTS, LLC (collectively, "Borrower"), in favor of WOLF PUP, LLC, its members and individual owners of its members (collectively, "Wolf Pup").

### WITNESSETH:

FOR VALUE RECEIVED, in consideration of the contemporaneously executed documents by and among one or more of the parties and Superior Bank, the parties hereto agree as follows:

### AGREEMENT

1.    **Monthly Interest Payments.** Borrower agrees to timely pay to Superior Bank all monthly interest payments in connection with the Indebtedness. Borrower agrees to take all steps necessary to ensure such interest reserve and pledged collateral are not seized or drawn upon by Superior Bank or otherwise applied to the Indebtedness and the interest reserve and interest thereon is returned to Wolf Pup, and the pledged collateral and interest thereon is returned to Robert L. Wiggins, Jr., in full. The parties acknowledge and agree that return to Wolf Pup of such interest reserve and return to Wiggins of the pledged collateral, together with accrued interest thereon, as well as payment of the monthly interest payments, and the $17,500,000.00 purchase price paid by Borrower for Wolf Bay Landing Condominiums, are all consideration for this Agreement and the other contemporaneously executed documents.

2.    **Interest Reserve.** Borrower agrees to immediately repay to Wolf Pup any portion of the $560,000.00 interest reserve posted by Wolf Pup to Superior Bank to secure the Indebtedness (defined in the Superior Bank Loan Assumption and Modification Agreement executed by Borrower), together with interest thereon at the default rate defined in the Superior Bank documents, to the extent same is seized or drawn upon by Superior Bank or otherwise applied to such Indebtedness.

3.    **$1,500,000.00 Pledged Collateral.** Borrower agrees to immediately repay to Wiggins any portion of the $1,500,000.00 collateral and interest accrued thereon posted by Wiggins to Superior Bank to secure the Indebtedness, together with interest thereon at the default rate defined in the Superior Bank documents, to the extent same is seized or drawn upon by Superior Bank or otherwise applied to such Indebtedness.

4.    **Mutual Cooperation.** The parties agree to mutually cooperate and assist each other in securing the release, by Superior Bank, of the interest reserve and pledged collateral referenced in Sections 2 and 3 above.

5.    **Pledge Agreement.** Borrower agrees that the Membership Interest Pledge Agreement (the "Pledge Agreement") executed contemporaneously herewith shall also secure this Agreement; and that this Agreement shall be considered a Loan Document under the Pledge Agreement such that a default or breach hereof shall entitle Wolf Pup to the remedies upon default under the Pledge Agreement.

6.    **Sale of Project or Units.**

a..    Borrower agrees that the Wolf Bay Landing Condominium project contemporaneously herewith deeded to Borrower by Wolf Pup shall not be sold in its entirety absent payment in full of the existing Superior Bank Indebtedness by Borrower and return in full of the interest reserve and pledged collateral, and any accrued interest thereon.


PLAINTIFF'S EXHIBIT
2

b.      Upon any sale of Wolf Bay Landing Condominiums, in addition to payment of release prices required by Superior Bank, Borrower shall escrow 50% of the net proceeds of sale of such unit(s) in excess of the Superior Bank release price, in a mutually agreed upon escrow account to remain in such escrow account until release to Wolf Pup of the interest reserve and release to Wiggins of the $1,500,000.00 collateral, both with accrued interest and in full. Such funds in escrow shall be released first to Wiggins, to the extent of his $1,500,000.00 collateral and interest accrued thereon, then to Wolf Pup, to the extent of its interest reserve and interest accrued thereon, to the extent either has been seized or drawn upon by Superior Bank or otherwise applied to the Indebtedness. Any remainder will be released to Borrower upon release to Wolf Pup or Wiggins, as applicable, of such collateral and interest reserve, with accrued interest thereon.

7.      Refinance. Borrower will use its best efforts to refinance the Superior Bank Indebtedness prior to the six (6) month date at which a second bank fee of $43,750.00 might become due.

        IN WITNESS WHEREOF, Borrower has caused this instrument to be executed as of the day and year first above written.

BORROWER:

CHARACTER COUNTS, LLC

By: _____
Its: _____

_____
Frank R. Ellis, IV

For Wolf Pup LLC
_____
Authorized Representative