UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT L. WIGGINS, JR., et al.,** | }
| | }
| **Plaintiffs,** | }
| | }
| v. | }  Case No.:  2:12-cv-02705-SGC
| | }
| **FDIC, as Receiver of Superior Bank, et al.,** | }
| | }
| **Defendants.** | }

**MEMORANDUM OPINION**

This matter is before the court on motions to dismiss filed by Trinity Retreat, Mihyon Ellis, and Bryant Bank, and Cadence Bank (collectively, the "New Defendants") (Docs. # 106, 107).  On September 30, 2016, the Magistrate Judge issued a Report and Recommendation that (1) Mihyon Ellis, Trinity Retreat, and Bryant Bank's motion to dismiss be granted and (2) Cadence Bank's motion to dismiss be granted in part and denied in part.[1]  Plaintiffs (Doc. # 142) and Defendant Cadence Bank (Doc. # 141) filed objections to the Magistrate Judge's Report and Recommendation, which have been fully briefed. (Docs. # 146, 147, 148).  Plaintiffs further filed a reply brief in support of their objections to the Magistrate Judge's Report and Recommendation (Doc. # 149), which Defendants moved to strike (Docs. # 150, 151).

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and the parties' objections thereto, the court hereby **ADOPTS** the Report of the Magistrate Judge.  The court further **ACCEPTS** the recommendations of the Magistrate Judge and all objections filed in this case are **OVERRULED**.

---

[1] The Magistrate Judge specifically recommended that Cadence Bank's motion to dismiss be denied as to Plaintiffs' tortious interference with a protected business relationship claim but the balance of its motion be granted.

When reviewing a Magistrate Judge's Report and Recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). By contrast, the district court reviews those portions of the Report and Recommendation that are not specifically objected to under the "clearly erroneous" standard. *See Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.*, 199 F.Supp.2d 1271, 1276 (M.D. Fla. 2001). Plaintiffs have asserted eight separate objections to the Magistrate Judge's Report and Recommendation and Defendant Cadence Bank has advanced one objection. The New Defendants contend that Plaintiffs' objections do not specifically identify the findings to which they object. (*See* Doc. # 147 at p. 3, Doc. # 146 at p. 4). The court disagrees. Accordingly, the court reviews Plaintiffs' objections *de novo*, and reviews those portions of the Magistrate Judge's Report and Recommendation that were not objected to under the "clearly erroneous" standard.

Plaintiffs assert the following objections to the Magistrate Judge's Report and Recommendation: the Magistrate Judge erred in (1) finding that Plaintiffs had no security interest in the condominium units; (2) finding that the New Defendants did not participate in or receive the benefits of the wrongs alleged; (3) determining that the New Defendants were not liable under Plaintiffs' "traceable assets" theory; (4) finding that Plaintiffs' Second Amended Complaint failed to state facts sufficient to establish Unjust Enrichment with respect to the New Defendants; (5) finding that Plaintiffs' Second Amended Complaint failed to state a claim of conversion against the New Defendants; (6) finding that there was no underlying wrong that supported a claim of conspiracy; (7) recommending dismissal of Plaintiffs' tortious interference claims against Defendants Mihyon Ellis, Trinity Retreats, LLC, and Bryant Bank; and (8) recommending dismissal of Defendant Cadence Bank from counts two (declaratory judgment,

exoneration, *quia timet* and specific performance) and three (breach of contract).  The court notes that many of Plaintiffs' objections mirror arguments they previously made in response to the New Defendants' motions to dismiss.

Defendant Cadence Bank has also advanced a limited objection to the Magistrate Judge's finding that Plaintiffs stated a plausible claim against Defendant Cadence Bank for tortious interference with a protected business relationship.

I.     **Plaintiffs' Objections**

Contrary to Plaintiffs' first objection, the Magistrate Judge correctly found that Plaintiffs did not allege a valid security interest in the Property in their Second Amended Complaint. (Doc. # 138 at pp. 16-23).  Under the plain terms of the agreements, neither the loan documents nor the use of Plaintiffs' funds to pay a purported $1.5 million mortgage created a valid security interest in the property.  Accordingly, the Magistrate Judge appropriately found that there is "nothing in the loan documents attached as exhibits to Plaintiffs' Second Amended Complaint that creates a valid security interest in the Property in favor of Plaintiffs." (Doc. # 138 at p. 20). *See* ALA. CODE §§ 35-4-20, 35-4-23 (detailing requirements for a valid conveyance under Alabama law).

Further, Plaintiffs' contention that Wolf Pup's right to receive proceeds from a sale of condominium units under the Pledge Agreement created a security interest also fails as a matter of law.  The Magistrate Judge (appropriately) took judicial notice of the records of the "Baldwin County case" (Doc. # 138 at fn. 7, 15), where an Alabama state court held that the Declaration of Condominium filed for the Wolf Bay Landing Condominiums was ineffective as a matter of law and the condominium units were not created as separate parcels of real estate that could be individually conveyed. (*See* Doc. # 138 at p. 22, Doc. # 106 at p. 42).  Plaintiffs' objections do

not dispute the existence or holding of the Baldwin County Order, but instead argue that it is limited in scope. Specifically, Plaintiffs contend that the Baldwin County Order addresses only the validity of condominium documents recorded in April 2007, which was before the Pledge Agreement was executed. (Doc. # 142 at p. 5). Accordingly, Plaintiffs argue, documents recorded after the Pledge Agreement was executed in October 2007 would have created valid condominium units whose sale proceeds Wolf Pup would be entitled to recover (in whole or in part) pursuant to the Pledge Agreement. The court disagrees.

Plaintiffs' Second Amended Complaint does not plausibly plead the existence of a valid interest in the sale proceeds of condominium units. In particular, Plaintiffs' Second Amended Complaint does not allege that any condominium declaration was filed after the state court ruled that the initial April 2007 condominium documents did not create valid condominium units. Nor does the Second Amended Complaint allege that Wolf Pup advanced funds on behalf of Ellis and Raley (the "Pledgors" under the Pledge Agreement) pursuant to the Pledge Agreement, a requirement for Wolf Pup to be entitled to a distribution of funds under the Pledge Agreement. Further, Alabama law requires that "no interest in that unit may be conveyed, or voted until the declaration is recorded and the unit is substantially completed." Ala. Code § 35-8A-417. Accordingly, the Magistrate Judge correctly determined that Plaintiffs' Second Amended Complaint fails to plead the existence of a valid interest in the condominium units.

Having concluded that the Magistrate Judge correctly concluded that Plaintiffs failed to allege a valid security interest in the Wolf Bay Landings property, it follows that each "domino" of the Magistrate Judge's analysis in her Report and Recommendation subsequently falls in line both as a matter of law and logic. The Plaintiffs' remaining objections (II-VIII) mirror arguments they made previously in their motion to responses to Defendants' Motions to Dismiss.

Accordingly, those remaining objections are addressed fully by the Magistrate Judge's Report and Recommendation and need not be discussed in detail here.  The court finds no merit in Plaintiffs' claims that the Magistrate Judge erred in her recommendations, adopts the Magistrate Judge's reasoning, and overrules each of Plaintiffs' objections.

## II.     Defendant Cadence Bank's Objection

Defendant Cadence Bank has objected solely to the Magistrate Judge's finding that "Plaintiffs have stated a plausible claim against Cadence for tortious interference with a protected business relationship." (Doc. # 138 at p. 37).  Defendant Cadence Bank argued in its Motion to Dismiss that it cannot have interfered with any business relationship, as alleged in Count Eleven of Plaintiffs' Second Amended Complaint, because it was a party to the business relationship.  (Doc. # 106 at p. 32).  It renews this argument in its limited objection the Report and Recommendation.  (Doc. # 141 at p. 2).  Specifically, Defendant Cadence Bank argues that the Report and Recommendation erred by finding that the Second Amended Complaint sufficiently alleged that it was a stranger to a contract, the Pledge Agreement, while not appropriately considering that it could not be a stranger to the overarching business relationship. (*Id.*).

The court agrees with the Magistrate Judge's conclusion that Plaintiffs have alleged sufficient facts to demonstrate that Cadence was a "stranger" to the business relationship between Ellis and CCLLC between 2007 and 2011.  (*see* Doc. # 138 at p. 37).  Defendant Cadence Bank cites cases such as *Parsons v. Aaron* and *Bellsouth Mobility, Inc. v. Cellulink, Inc.* to demonstrate that Alabama law rarely finds parties like it a "stranger to" business relationships. *Parsons v. Aaron*, 849 So.2d 932 (Ala. 2002); *Bellsouth Mobility, Inc. v. Cellulink, Inc.*, 814 So.2d 203 (Ala. 2001).  However, to make a similar finding in this case, the court would need to

account for facts beyond what may be considered at the motion to dismiss stage. Because Plaintiff has plausibly plead a tortious interference with a protected business relationship claim against Defendant Cadence Bank, Defendant's objection to the Magistrate Judge's Report and Recommendation is overruled.

### III.   Conclusion

As a final matter, Plaintiffs filed a reply brief in support of its Objection to the Magistrate Judge's Report and Recommendation. (Doc. # 149). Defendants filed Motions to Strike Plaintiffs' reply brief, arguing that such reply briefs are not permitted under federal or local rules and that Plaintiffs assert new arguments in their reply brief that were waived because they were not raised in Plaintiffs' original objection. (*See* Docs. # 150, 151). In response to Defendants' arguments, Plaintiffs filed a final motion, styled as a Motion to Allow Reply Brief and, in the Alternative, Opposition to Motions to Strike. (Doc. # 152).

Plaintiffs' reply brief does not alter the content of their objections, which are due to be overruled. Accordingly, the pending Motions related to Plaintiffs' reply brief (Docs. # 150, 151, 152) are terminated as **MOOT**. A separate order in accordance with the Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 14, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE