## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT L. WIGGINS, JR., et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No.:  2:12-cv-02705-SGC |
| **FDIC, as Receiver of Superior Bank, et al.,** | } |
| **Defendants.** | } |

### MEMORANDUM OPINION

This matter is before the court on Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss Plaintiff's Second Amended Complaint.  (Doc. # 100).  On December 16, 2016, the Magistrate Judge issued a Report and Recommendation that recommended that Defendant FDIC's Motion (Doc. # 100) be **DENIED IN PART** and **GRANTED** in part.  Plaintiffs filed objections to the Magistrate Judge's Report and Recommendation.  (Doc. # 166).  Defendant FDIC filed a Response to Plaintiffs' objections, which additionally argues that there is no subject matter jurisdiction for Plaintiffs' conspiracy claim against Defendant.  (Doc. # 174).

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and the parties' objections thereto, the court hereby **ADOPTS** the Report of the Magistrate Judge.  The court further **ACCEPTS** the recommendations of the Magistrate Judge and all objections filed in this case are **OVERRULED**.

When reviewing a Magistrate Judge's Report and Recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  By contrast, the district court reviews those portions of the Report and Recommendation that are not

specifically objected to under the "clearly erroneous" standard. *See Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.*, 199 F.Supp.2d 1271, 1276 (M.D. Fla. 2001).

## I.     Plaintiffs' Objections are Overruled

Plaintiffs make three objections. They contend that the Magistrate Judge erred by (1) not limiting the recommended dismissal of Counts Three, Four, and Six to tort-based breaches of good faith and fair dealing; (2) recommending that subject matter jurisdiction exists, by way of administrative exhaustion, only for the claims in Counts Four, Six, and Nine; and, (3) recommending the dismissal of Counts One and Two based on the nature of the declaratory judgment relief those counts seek.

Plaintiffs' first objection is multi-part. They contend that the Magistrate Judge (Doc. # 16) and the undersigned (Docs. # 20, 21) have previously stated that plaintiffs may maintain a cause of action for breach of implied duty of good faith and fair dealing sounding in contract law. Accordingly, they maintain that this purported determination that Plaintiffs are capable of stating a breach of contract claim became the "law of the case," and counsels against dismissal of Counts Three, Four, and Six. They further argue that Alabama law permits the type of contract-based claim they assert in their Second Amended Complaint, they have stated a direct breach of contract claim in Count Three of that pleading, and the contract claim is accompanied by an implied duty of good faith and fair dealing. Plaintiffs also contend that Defendant's Motion to Dismiss did not explicitly argue that Alabama law does not allow a contract-based claim for breach of an implied duty of good faith and fair dealing. Accordingly, they fault the Magistrate Judge for deciding that issue in her Report and Recommendation. The court finds each of Plaintiffs' arguments unavailing, and adopts the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss as to Counts Three, Four, and Six.

2

Plaintiffs contend that the court's prior Memorandum Opinion (Doc. # 20 at p. 2) which granted Plaintiffs the opportunity to amend their Complaint to state a claim for a breach of contract and the court's prior Order (Doc. # 21 at p. 1) which directed Plaintiffs to amend their Complaint to state a claim for breach of contract "to the extent possible" should be read to indicate that Plaintiffs can make out a claim for the breach of an implied duty of good faith and fair dealing which sounds in contract law. But that is not a correct reading of the court's prior Opinion and Order. To the contrary, *Tanner v. Church's Fried Chicken, Inc.* stands for the unremarkable premise that "a duty of good faith in connection with a contract is directive, not remedial, and that therefore an action will not lie for a breach of such duty." 582 So. 2d 449, 452 (Ala. 1991). While both the undersigned and the Magistrate Judge have quoted *Tanner* for the proposition that a plaintiff may not pursue an independent bad faith claim sounding in tort law, the second prong of *Tanner*'s holding -- that no such claim exists in contract law -- is equally instructive in this case.

> Indeed, as another court has stated:
>
> Under Alabama law, every contract imposes an obligation of good faith in its performance and enforcement. Ala. Code § 7–1–304 (originally enacted as Ala. Code § 7–1–203). *See also Tanner v. Church's Fried Chicken, Inc.*, 582 So. 2d 449, 451–52 (Ala. 1991). However, the violation of this obligation does not give rise to a cause of action as the statute was intended to be directive, not remedial. *Tanner*, 582 So. 2d at 452 (citing *Chandler v. Hunter*, 340 So. 2d 818, 821 (Ala. Civ. App. 1976)). *See also Government Street Lumber Co., Inc. v. AmSouth Bank, N.A.*, 553 So. 2d 68, 72 (Ala. 1989) ("failure to act in good faith in the performance or enforcement of contracts arising out of Title 7A does not state a claim for relief that may be granted in Alabama, since § 7–1–203 is directive rather than remedial"). Thus, in order to prove a breach of contract on the part of the defendant, a plaintiff must prove that the defendant expressly breached a specific term of the contract. *Tanner*, 582 So. 2d at 452.

*Camp v. Alabama Telco Credit Union*, 2013 WL 2106727, at *3 (N.D. Ala. May 13, 2013). Alabama law is clear "that failure to act in good faith in performance or enforcement of

contracts… does not state a claim for relief that may be granted in Alabama." *Government Street Lumber Co., Inc.*, 553 So. 2d at 72.[1]  Accordingly, the Magistrate Judge correctly recommended that Defendant's Motion to Dismiss be granted with respect to Plaintiffs' claims purporting to arise out of an implied duty to act in good faith arising out of contract law.

To the extent that Plaintiffs' first objection relies on the "law of the case," it misses the mark.  Put simply, Plaintiffs' argument overstates the "law of the case" doctrine and misreads the court's prior rulings.

> "Under the doctrine of the 'law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." *Blumberg v. Touche Ross & Co.*, 514 So. 2d 922, 924 (Ala. 1987). *See also Titan Indem. Co. v. Riley*, 679 So.2d 701 (Ala. 1996). "It is well established that on remand the issues decided by an appellate court become the 'law of the case,' and that the trial court must comply with the appellate court's mandate." *Gray v. Reynolds*, 553 So. 2d 79, 81 (Ala. 1989).

*Wehle v. Bradley*, 195 So. 3d 928, 937 (Ala. 2015) (quotations in original).  This principle applies where there has been a final judgment or an issue has been resolved on a first appeal. *See Scrushy v. Tucker*, 70 So. 3d 289, 303-04 (Ala. 2011); *Villeda Aldana v. Del Monte Fresh Produce, N.A.*, 578 F.3d 1283, 1298 (11th Cir. 2009).  No such order or determination has been made in this case.

Instead, Plaintiffs contend that the court's previous Report and Recommendation, Opinion, and Order (Docs. # 16, 20, 21) should be read together to suggest that the court has

---

[1] Plaintiffs cite *Lloyd Noland* for the proposition that "the law will imply an agreement to do those things that according to reason and justice the parties should do in order to carry out the purpose for which the contract was made," and that "[t]here is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract." 837 So. 2d 253, 267 (Ala. 2002).  While Plaintiffs contend that such reasoning supports their claims for a breach of an implied duty to act in good faith, the court disagrees.  In fact, in *Lloyd Noland* the court addressed a specific contract provision which required one party to "cooperate" with the other, and the provision further required the cooperation to be done in "good faith."  Plaintiffs can point to no similar language here (*i.e.*, a provision requiring Superior Bank to, in good faith, ensure their collateral and assets were protected), and, on its own, a party's failure to act in good faith does not provide a remedial cause of action.

already determined that Plaintiffs have made out a claim for breach of an implied duty of good faith and fair dealing based in contract law.  However, in its Opinion (Doc. # 20 at pp. 2-3), the court expressly declined to adopt the portion of the Magistrate Judge's Report and Recommendation to which Plaintiffs point.  (Doc. # 16 at pp. 17, 19-24).  The court allowed Plaintiffs' an opportunity to amend their Complaint to state a breach of contract claim.  (Docs. # 20, 21).  It did not address the actual viability of Plaintiffs' independent breach of an implied duty of good faith and fair dealing claims until Defendants filed their motions to dismiss.  The Magistrate Judge correctly determined that those claims fail as a matter of law.

As a final matter, Plaintiffs' argument that Defendant did not move for dismissal on specific ground relied upon by the Magistrate Judge is without merit.  Defendant's Motion adequately put Plaintiffs on notice of its argument directed at both Plaintiffs' breach of contract and implied duty of good faith claims. (*See* Doc. # 100 at pp. 3-4).

Plaintiffs' second and third objections, when read together, contend that the Magistrate Judge erred in recommending dismissal of certain other Counts of Plaintiffs' Second Amended Complaint (*i.e.*, Counts One, Two, Three, Eight, Ten, and Thirteen).  These remaining objections are addressed fully by the Magistrate Judge's Report and Recommendation and need not be discussed in detail here.  The court finds no merit in Plaintiffs' claims that the Magistrate Judge erred in her recommendations; therefore, it adopts the Magistrate Judge's reasoning, and overrules each of Plaintiffs' objections.

## II.     Defendant's Objection is Overruled

Defendant did not file objections to the Magistrate Judge's Report and Recommendation. However, in a submission styled Response to Plaintiffs' Objection to Report and Recommendation (Doc. # 174), Defendant argues that the Magistrate Judge erred when she did not recommend dismissal of Plaintiffs' conspiracy claim. Defendant specifically stated that:

> [It] did not object to this particular finding believing that, since subject matter jurisdiction is never waived, the most judicious way to address this issue would be after limited discovery. Since the Plaintiffs have objected to the Report and Recommendation and [have] requested this Court to analyze the issues of subject matter jurisdiction, [Defendant] respectfully requests this Court to review the Magistrate Judge's recommendation of the Court having jurisdiction for the conspiracy claim relating to breaching the agreements.

(Doc. # 174 at p. 27). The court will construe this request as an objection to the Magistrate Judge's Report and Recommendation. While Defendant's "objection" was filed well outside the fourteen (14) day limit prescribed by the Magistrate Judge's Report and Recommendation, the court has considered the merits of Defendant's contentions nonetheless. After careful consideration, the court adopts the Magistrate Judge's determination and finds that, contrary to Defendant's suggestion, in their Proof of Claim, Plaintiffs gave the FDIC sufficient notice of their conspiracy claim. Accordingly, the court has jurisdiction over Plaintiffs' conspiracy claim, and Defendant's objection is overruled.

**DONE** and **ORDERED** this February 14, 2017.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE