IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| GLENN WILLIAMS, an individual; ) <br> MICHAEL BOBO, an individual, ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> WOLF PUP, LLC, an Alabama limited ) <br> liability corporation; KELLY SCHUCK, ) <br> an individual; LINDA PEACOCK, an ) <br> individual, et al. ) <br>     Defendants, ) | CV-2008-902652 |
| GALAPAGOS, LLC; HUGGHINS-ORANGE ) <br> BEACH, LLC.; BEOWULF LLC; WOLF PUP ) <br> LLC; et al., ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LINDA J. PEACOCK; BAKER, DONELSON, ) <br> BEARMAN, CALDWELL & BERKOWITZ, ) <br> P.C.; et al. ) <br>     Defendants. ) | CIVIL ACTION NO. <br> CV-2009-1219 |

### AFFIDAVIT OF ROBERT L. WIGGINS, JR.

Comes now Robert L. Wiggins, Jr. who being first duly sworn, deposes and states as follows:

1. I have personal knowledge about the facts set forth hereinbelow, including the matters set forth in Linda Peacock's two affidavits in this case.

2. None of the five parties in the earliest filed case, *Williams v. Wolf Pup LLC*, reside or work in Baldwin County.


EXHIBIT A

3. None of the nine parties to the second case, *Galapagos LLC v. Peacock*, reside or work in Baldwin County. That case is solely a claim by Birmingham residents against Birmingham attorneys for defective legal documents and misrepresentations that occurred solely in Birmingham as part of an attorney-client relationship.

4. There is no lawsuit in Baldwin County that includes claims against Peacock or Baker Donelson.

5. All of the attorneys in the two consolidated cases live and work in Birmingham. Considerable additional expense and inconvenience will be caused by requiring Birmingham parties and attorneys to litigate their claims and defenses in Baldwin County where none of the parties and attorneys are located.

6. All of the documents of the nine parties in the current ALSLA case against Peacock and Baker Donelson are maintained in Birmingham just a few blocks from this courthouse. None of such parties' documents are kept in Baldwin County.

7. None of the documents of the five parties in *Williams v. Wolf Pup LLC* are maintained in Baldwin County. All of the documents of the three defendants in that case are maintained at the same location in Birmingham as the documents at issue in ALSLA case against Peacock and Baker Donelson. The documents of the two plaintiffs in *Williams* are presumably maintained in Mississippi where they live.

8. Both of the Mississippi plaintiffs in *Williams v. Wolf Pup LLC* voluntarily chose to bring their case in Jefferson County, Alabama where all three defendants reside.

9. None of the misrepresentations at issue in *Williams v. Wolf Pup* occurred in Baldwin county. All such misrepresentations occurred in the Birmingham offices of Linda Peacock and Baker Donelson and the Mississippi residences of plaintiffs Williams and Bobo.

10. Only a Birmingham bank — Superior Bank — was involved in the financing of Wolf Bay Landing Condominiums. The loan for such condominium was processed and closed solely in Birmingham, Alabama by Birmingham attorneys acting on behalf of a Birmingham Lender and a Birmingham Borrower. Vision Bank had no role in such financing or closing.

11. The events in both of the consolidated cases concern the defective nature of the Declaration of Condominium of Wolf Bay Landing Condominium drafted by Linda Peacock and other Baker Donelson attorneys in Birmingham.

12. The drafting of that defective Declaration of Condominium occurred solely in Birmingham, not Baldwin County.

13. All discussions and events surrounding the drafting of that Declaration also occurred solely in Birmingham between Baker Donelson's various attorneys, Wolf Pup LLC and my wife, Ann, and I. All such parties live and work in Birmingham.

14. The primary witnesses with knowledge concerning the defectively drafted legal documents at issue in these consolidated cases are: (a) the 12 parties themselves, none of whom live or work in or near Baldwin County; (b) other attorneys with the Baker Donelson law firm with knowledge of how the relevant legal documents should have been drafted in

3

order to comply with the applicable condominium statute (§35-8A-201 through §35-8A-209 of the Code of Alabama); and (c) expert witnesses about the breach of the applicable standard of care for attorneys drafting such a Declaration of Condominium. None of such witnesses are known to live or work in Baldwin County, Alabama. Peacock and Baker Donelson have not alleged otherwise. The primary witnesses in these consolidated cases are as follows:

| | | |
|---|---|---|
| Linda Peacock | — | Birmingham |
| Kelly Schuck | — | Birmingham |
| Harriet Ivy | — | Birmingham |
| Henry Frohsin | — | Birmingham |
| Other Baker Donelson attorneys | — | Birmingham |
| Superior Bank witnesses | — | Birmingham |
| Wolf Pup managers | — | Birmingham |
| Robert Wiggins | — | Birmingham |
| Ann Wiggins | — | Birmingham |
| Glenn Williams | — | Mississippi |
| Michael Bobo | — | Mississippi |

15. The claims and defenses in both of the consolidated cases involve the attorney-client relationship that Peacock had with Wolf Pup LLC, Galapagos LLC and my wife and me. None of the persons Ms. Peacock lists in her affidavit as potential witnesses were part of that attorney-client relationship or privy to the misrepresentations or defectively drafted documents that are the basis of the malpractice claims at issue in these cases. Ms. Peacock lists only employees of the construction contractor, real estate broker, architects, engineers and bank involved in the physical development of the two condominiums, but those persons had no involvement with or knowledge of the defectively drafted legal documents and attorney-client discussions that form the basis of the claims, counterclaims and defenses in

4

the two consolidated cases.

16. The defectively drafted Declaration of Condominium of Wolf Bay Landing Condominium failed to create the individual condominium units in the manner required by §35-8A-201 through §35-8A-209 of the Code of Alabama because Ms. Peacock and Baker Donelson failed to include the following statutory requirements in such documents:

   a. The independent registered engineer's or registered architects "certification that the plat or plan contains all information required by §35-8A-209 and §35-8A-201(b) of the Code of Alabama;

   b. Specification of each "unit's identifying number," as those terms are used in §35-8A-209(b) (6 & 7) and §35-8A-209(d) of the Code of Alabama;

   c. "The location and dimensions of any vertical unit boundaries not shown or projected on plans recorded pursuant to subsection (d) and that unit's identifying number," as those terms are used in § 35-8A-209 (b)(6) of the Alabama Code, and/or the "plans of the units" setting forth "[a]ny horizontal unit boundaries, with reference to an established datum, and that unit's identifying number," as those terms are used in § 35-8A-209(d) of the Alabama Code;

   d. "Plats or plans" setting forth "[t]he location with reference to an established datum of any horizontal unit boundaries not shown or projected on plans recorded pursuant to subsection (d) and that unit's identifying number," as those terms are used in §35-8A-209(b)(7) of the Alabama Code and/or the "plans of the units" setting forth "[t]he location and dimensions of the vertical boundaries of each unit, and that unit's identifying number," as those terms are used in §35-8A-209(d) of the Alabama Code;

   e. Anything else which "[e]ssentially, ... constitute[d] a boundary survey of each unit," as those terms are used in paragraph one of the Commissioner's Commentary to §35-8A-209 of the Code of Alabama.

17. The other defectively drafted part of such Declaration of Condominium involved Ms. Peacock using the terms "boat slip" and "boat dock" interchangeably despite her representations to Wolf Pup LLC that "only a boat dock" was to be built as a "limited

5

common element" of Wolf Bay Landing Condominium. The Declaration of Condominium that she drafted and filed failed to comply with §35-8A-209(b)(10) of the Alabama Code which requires that such Declaration include "[t]he location and dimensions of [the] limited common elements . . . other than parking spaces and the other limited common elements described in section 35-8A-202(2) and (4)," as those terms are used in §35-8A-209(b)(10) of the Alabama Code.

18. The primary claim against Ms. Peacock involves a simple issue of whether the Declaration of Condominium did or did not contain the foregoing items required by the statute. None of the witnesses she lists in her affidavit have any knowledge or expertise about such matters because they are not lawyers or part of the attorney-client relationship at issue between Ms. Peacock and Wolf Pup LLC. Ms. Peacock's Affidavit lists only persons involved in the *physical* construction, sales, and design of the condominium who are not knowledgeable of the defectively drafted legal documents at issue in this case.

19. Ms. Peacock and Baker Donelson drafted such defective Declaration of Condominium of Wolf Bay Landing Condominiums in Birmingham and only transmitted it by mail or other common carrier to the Judge of Probate for Baldwin County for filing.

20. Only one of the 14 documents listed in ¶6 of Ms. Peacock's affidavit regarding the Wolf Bay Landing Condominium — the Declaration of Condominium itself — has any relationship to the malpractice at issue in these two consolidated cases. The other 13 documents she lists are of little or no relevance to such cases.

6

21. All of the claims and defenses in the earliest-filed case of *Williams v. Wolf Pup LLC* concern only the events surrounding the Wolf Bay Landing Condominium. Vision Bank and the Paradise Resort Condominium have no relationship to that case.

22. All the events of the third case, *Beowulf LLC v. Raley*, concern only the Wolf Bay Landing Condominium. As with the *Williams v. Wolf Pup LLC* case, the third case of *Beowulf LLC v. Raley* has no claims or defenses related to Vision Bank or the Paradise Resort Condominium.

23. There is no lawsuit in this Court that includes Vision Bank as a party. Vision Bank operates in Florida and Alabama, and is wholly owned by an Ohio-based bank, Park National Bank of Ohio.

24. The primary claim and loss in the two consolidated cases involves the Wolf Bay Landing Condominium. That investment and loss was four times greater than the Paradise Resort portion of the claim against Ms. Peacock and Baker Donelson. Wolf Bay Landing involved a $17 million dollar loan and more than $5 million in lost profits, while Paradise Resort involved only a one-third share of a $5 million dollar loan ($1.66 million) and lost profits of less than $2 million dollars.

25. The Baldwin County case brought by Vision Bank only involves collection of the alleged loan for the Paradise Resort Condominium. That lawsuit does not involve anything related to the Wolf Bay Landing Condominium at issue in these consolidated cases.

26. Vision Bank takes the position in its case that malpractice allegations against

7

*the Borrower's* attorneys are not relevant to the loan repayment that is the basis of *the Lender's* collection on the loan.

27. Only one of the eight documents listed in ¶6 of Ms. Peacock's affidavit regarding the Paradise Resort Condominium has any relationship to the malpractice alleged for that project — the bank records.

28. The other Baldwin County case involving Wolf Bay Landing Condominiums concerns only a dispute with the purchasers of individual units of such Condominiums. Peacock and Baker Donelson are never mentioned in that case.

29. Ms. Peacock's list of Baldwin County witnesses are not parties to the two consolidated cases and will not have to attend hearings or trial in Birmingham. Their depositions can be taken in Baldwin County and those deposition can then be introduced as evidence in Birmingham. That is not true, however, for the parties and attorneys to these cases, all of whom live in Birmingham and will have to travel back and forth to Baldwin County for motions, trial and other matters if this case is transferred.

30. The principal witnesses listed by Ms. Peacock involve employees of Vision Bank and Joe Raley Builders, Inc. Both of these entities are already involved in litigation in Birmingham federal court concerning the same Paradise Resort condominium project at issue in part of one of the three cases in this Circuit. *Forum non conveniens* has not been asserted in the federal case by any of such defendants, or by Peacock, Baker Donelson or Kelly Schuck who are also parties to that case. Nor did defendants Peacock and Schuck

raise any venue or *forum non conveniens* argument in the year after they were served with the Complaint in *Williams v. Wolf Pup LLC* that is now pending before this Honorable Court.

31. Ms. Peacock solicited the investments in Wolf Pup LLC and Galapagos LLC in Birmingham, and such investors made all decisions and executed all documents in Birmingham.

_____
Robert L. Wiggins, Jr.

SWORN TO and SUBSCRIBED before me this the ____ day of September, 2009.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 11-14-12

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Nov 14, 2012
BONDED THRU NOTARY PUBLIC UNDERWRITERS

SEAL: