# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. WIGGINS, JR., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FDIC, as Receiver of Superior ) <br> Bank, et al., ) <br> ) <br> Defendants. ) | Case No.: 2:12-cv-02705-SGC |

## MEMORANDUM OPINION AND ORDER REGARDING LINDA J. PEACOCK'S MOTION TO DISMISS[1]

This case is before the court on Linda J. Peacock's motion to dismiss the fraudulent misrepresentation counterclaim asserted against her by Frank P. Ellis, IV, and Character Counts, LLC, in response to her counterclaims for declaratory judgment. (Doc. 192). The motion is fully briefed and ripe for review. (Docs. 192, 198 & 203). After careful consideration of the parties' briefing, and for the reasons set forth below, the court denies Peacock's motion to dismiss.

## I.     STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint or counterclaim to contain "a short plain statement of the claim showing that the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States magistrate judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 193).

pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint or counterclaim. *See* FED. R. CIV. P. 12(b)(6). Under Rule 12(b)(6), the defendant or counterclaim defendant bears the burden of demonstrating that the complaint or counterclaim fails "to state a claim upon which relief can be granted." *See id.* To withstand a 12(b)(6) motion, a pleading "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A pleading "does not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

When deciding a motion to dismiss a counterclaim under Rule 12(b)(6), a court must assume the truth of the factual allegations in the counterclaim and view those facts in the light most favorable to the counterclaim plaintiff. *See Adinolfe*, 768 F.3d at 1169 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a [counterclaim] is inapplicable to legal conclusions" couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Additionally, when deciding a motion to dismiss, a court may not dismiss a counterclaim merely because it appears unlikely the counterclaim plaintiff will ultimately prevail on the merits. *See Twombly*, 550 U.S. at 563 n.8.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff Wolf Pup, LLC ("Wolf Pup"), owned a condominium development in Baldwin County, Alabama (the "Property") that was financed through a loan with Superior Bank. (Doc. 187 at ¶ 3). Plaintiff Robert L. Wiggins, Jr. ("Wiggins"),[3] and third-party defendant/counterclaim plaintiff Linda J. Peacock ("Peacock") are indirect owners and members of Wolf Pup. (Doc. 187 at ¶¶ 2 & 4). Defendant/counter-plaintiff Character Counts, LLC ("CCLLC"), purchased the Property from Wolf Pup by assuming the loan. (Doc. 183-1).

CCLLC and defendant/counter-plaintiff Frank Ellis, IV ("Ellis"), allege Wiggins and Peacock directed Scott Raley, another indirect owner and member of Wolf Pup, to inform Ellis that the Property "was a legally created ready-to-sell condominium project" even though they knew there were problems relating to the creation of the condominiums units. (Doc. 187 at ¶¶ 5-6, 17, 19, 33, & 50-52). After CCLLC purchased the Property, Ellis and CCLLC learned the declaration of condominium for the Property was defective and failed to legally create any condominium units for resale. (*See id.* at ¶ 45). Accordingly, the Property was worth less than the $23 million CCLLC and Ellis had anticipated it was worth. (*See id.* at ¶ 53). Ellis later purchased the loan from Superior Bank, foreclosed on

---

[2] The facts and allegations of this case are more fully set out in the reports regarding the prior motions to dismiss. (Docs. 138, 156 & 158).

[3] Wolf Pup and Wiggins are collectively referred to as "Plaintiffs" in this Memorandum Opinion.

3

the mortgage securing the Property, and sold the Property to another entity. (*See* Doc. 119-8). This action followed.

Plaintiffs initiated this action in 2012 against the FDIC as receiver of Superior Bank and amended their complaint in 2015 to assert claims against the FDIC, Ellis, and CCLLC. (Docs. 1 & 22). After Plaintiffs filed a second amended complaint in 2016 (Doc. 94), Ellis and CCLLC asserted amended counterclaims against Plaintiffs and third-party claims against Peacock.[4] (Doc. 112). Peacock moved to dismiss the claims asserted against her pursuant to Rule 12(b)(6), and this court granted her motion in part and denied it in part. (Docs. 117, 181). The court granted Peacock's motion with respect to Ellis and CCLLC's claims for fraudulent suppression, fraudulent misrepresentation, and unjust enrichment and denied her motion with respect to Ellis's breach of guaranty claim. (*Id.*).

Relevant to the current motion to dismiss, Peacock argued in her prior motion that Ellis and CCLLC's claim for fraudulent misrepresentation was barred by the statute of limitations. (Doc. 117 at 8-10). The undersigned agreed and recommended[5] the fraudulent misrepresentation claim be dismissed against Peacock based on the statute of limitations. (Doc. 158 at 27). The undersigned also found that the fraudulent misrepresentation counterclaim asserted against

---

[4] Because Peacock is not a plaintiff in this action, Ellis and CCLLC's counterclaims against her are properly considered third-party claims.

[5] Since the entry of the Report and Recommendation, the parties voluntarily consented to the jurisdiction of the undersigned Magistrate Judge. (Doc. 193).

Plaintiffs was not subject to a statute of limitations defense under Alabama law and recommended that Ellis and CCLLC be given an opportunity to amend their counterclaim to state their claim with particularity. (*Id.* at 27 & 31). The district judge adopted the Report and Recommendation and entered an order dismissing the fraudulent misrepresentation claim against Peacock with prejudice based on the statute of limitations and giving Ellis and CCLLC an opportunity to reassert the fraudulent misrepresentation claim against Plaintiffs. (Doc. 181).

Following the order granting in part and denying in part Peacock's motion to dismiss, Peacock answered the breach of guaranty claim and asserted counterclaims against Ellis and CCLLC, seeking a declaratory judgment releasing her as a guarantor of the loan, along with an award of attorneys' fees, expenses, and "all other damages permitted in law or equity." (Doc. 183). Ellis and CCLLC answered Peacock's counterclaims and reasserted their fraudulent misrepresentation claim against Peacock as a counterclaim-in-reply to her counterclaims for declaratory judgment. (Docs. 187 & 188).

### III. ANALYSIS

Peacock argues that Ellis and CCLLC's counterclaim-in-reply must be dismissed because the court dismissed Ellis and CCLLC's prior fraudulent misrepresentation claim against her, the Federal Rules of Civil Procedure do not allow for a counterclaim-in-reply, the court denied Ellis and CCLLC's request for

5

leave to amend their fraudulent misrepresentation claim against Peacock, and she did not have a duty to disclose any information to Ellis or CCLLC. (Doc. 192). The court addresses Peacock's arguments in turn.

A. **Peacock Did Not Show the Counterclaim-In-Reply is Barred by the Doctrine of Res Judicata**

Peacock first asserts that Ellis and CCLLC's counterclaim-in-reply is barred by the doctrine of res judicata. (Doc. 192 at 3-11). A claim will be barred by the doctrine of res judicata if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). Res judicata is an affirmative defense, but it may be raised in a Rule 12(b)(6) motion when the defense's existence can be determined by the face of the complaint or counterclaim. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). "The party asserting res judicata bears the burden of showing that the later-filed [claim] is barred." *Batchelor-Robjohns v. United States*, 788 F.3d 1280, 1285 (11th Cir. 2015).

Here, only the first element of res judicata is in dispute. (*See* Doc. 192 at 3-11; Doc. 198 at 3-5; Doc. 203 at 2). Thus, the question whether res judicata bars Ellis and CCLLC's counterclaim-in-reply turns only on if the court's prior order

dismissing Ellis and CCLLC's claim for fraudulent misrepresentation is a final judgment on the merits. While "dismissal of a complaint with prejudice" is considered a final judgment on the merits, *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (emphasis added), the specific question in this case is if dismissal with prejudice of less than all of the claims against a party is a final judgment on the merits for purposes of res judicata.

Ellis and CCLLC argue the court's prior order is not a final judgment on the merits because it did not adjudicate all of their claims and is not yet an appealable order. (Doc. 198, at 3-5). Peacock criticizes Ellis and CCLLC for not citing any binding authority holding that res judicata does not apply to an order dismissing less than an entire action. (Doc. 203 at 4). However, Peacock bears the burden of proving that res judicata bars the counterclaim-in-reply, *see Batchelor-Robjohns*, 788 F.3d at 1285, and she did not cite any binding authority suggesting res judicata applies to an order dismissing less than an entire action or complaint when the order has not been appealed. (*See* Docs. 192 & 203). Rather, each of the Supreme Court and Eleventh Circuit cases she relies on involve the application of res judicata following the adjudication of an entire action or complaint. *See Montana v. U.S.*, 440 U.S. 147, 151 (1979); *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 318 (1927); *Solis v. Global Acceptance Credit Co., Inc.*, 601 F. App'x 767, 769 (11th

Cir. 2015);[6] *Akanthos Capital Mgmt. v. Atlanticus Holdings Corp.*, 734 F.3d 1269, 1269-71 (11th Cir. 2013); *Thomas v. Blue Cross and Blue Shield Ass'n*, 333 F. App'x. 414, 415-16 (11th Cir. 2009); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1237 (11th Cir. 1999); *Concordia*, 693 F.2d at 1074 & 77; *Jenkins v. Florida*, 931 F.2d 1469, 1470-71 (11th Cir. 1991); *Citibank*, 904 F.2d at 1500; *Jaffree v. Wallace*, 837 F.2d 1461, 1463-65 (11th Cir. 1988); *Astron Indus. Assoc., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 959 (5th Cir. 1968).[7] Thus, Peacock has not shown that the doctrine of res judicata must bar Ellis and CCLLC's counterclaim-in-reply.

In her reply brief, Peacock argues that *Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d 529 (E.D. Pa. 2013), a case cited by Ellis and CCLLC, demonstrates that res judicata applies to an order dismissing less than all of the claims against a party. (Doc. 203, p. 4). However, in *Pennington*, the plaintiffs had already appealed the order dismissing some of their claims with prejudice before the district court held that res judicata barred them from reasserting the claims it previously dismissed. 947 F. Supp. 2d at 535 ("[T]he Penningtons have chosen to stand on those decisions as final, and have appealed the [] order

---

[6] Unpublished opinions of the Eleventh Circuit are not binding authority, but they may be cited as persuasive authority. 11th Cir. R. 36-2.

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

8

[dismissing their claims] to the Third Circuit."). In this case the parties have not requested, and the court has not made, any Rule 54(b) determination regarding the order dismissing Ellis and CCLLC's prior fraudulent misrepresentation claim. Therefore, the order is not yet ripe for appeal and has not been appealed. Accordingly, the procedural posture of this case is materially different from *Pennington*, and the district court's decision in *Pennington* does not suggest that res judicata should bar Ellis and CCLLC's counterclaim-in-reply here.

This case presents unique circumstances because Ellis and CCLLC's prior third-party claim against Peacock for fraudulent misrepresentation was dismissed based on the statute of limitations. (Doc. 158 at 27). However, under Alabama law, compulsory counterclaims are not subject to the statute of limitations.[8] *See Romar Dev. Co., Inc. v. Gulf View Mgmt. Corp.*, 644 So. 2d 462, 472-73 (Ala. 1994). Thus, the reason underlying the dismissal of Ellis and CCLLC's prior claim is inapplicable to their counterclaim-in-reply. Under these circumstances, the court finds that Ellis and CCLLC's counterclaim-in-reply is not barred by res judicata.

### B. Ellis and CCLLC May Assert a Counterclaim-In-Reply Here

Peacock also argues that Ellis and CCLLC's counterclaim-in-reply should be dismissed because it is an impermissible pleading. (Doc. 192 at 11-14). Although

---

[8] Ellis and CCLLC's counterclaim-in-reply for fraudulent misrepresentation is a compulsory counterclaim because it "arises out of the transaction [] that is the subject matter of [Peacock's counter]claim" and "the same operative facts serve as the basis of both claims . . . ." FED. R. CIV. P. 13(a); *Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (quotation omitted).

"a counterclaim to a counterclaim is not expressly recognized by the Federal Rules, there are several courts which have considered the issues and most 'have concluded that a counterclaim may be asserted in a reply to a counterclaim.'" *Baker v. Borg Warner Morse Tec, Inc.*, 2012 WL 195011, *1 (S.D.W.V. Jan. 23, 2012) (quoting *Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 2007 WL 1521585, *1 (D. Ariz. May 22, 2007)); *Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, 2007 WL 1218701, * 2 (E.D. Mich. April 20, 2007) ("[A]side from a rogue decision or two, courts have long agreed that the federal rules provide for a counterclaim in reply."). Moreover, a leading treatise on Federal Practice recognizes that counterclaims may be asserted in reply to counterclaims. 3 MOORE'S FEDERAL PRACTICE § 13.44 (3d ed. 2013) ("Despite the lack of textual support in Rule 13, a pleader may raise a counterclaim in its reply in response to an opposing party's set of counterclaims."). Thus, the court finds that a counterclaim in response to a counterclaim is a permissible pleading.

Some courts have allowed for a counterclaim-in-reply only when it is a compulsory counterclaim asserted in response to a permissive counterclaim. *See Med. Components, Inc. v. Osiris Med., Inc.*, 2016 WL 7638155 (W.D. Tex. July 12, 2016) (quoting *Feed Mgmt. Sys., Inc. v. Brill*, 518 F. Supp. 2d 1094, 1096 (D. Minn. 2007)); *Lincoln Sav. Bank v. Open Solutions, Inc.*, 956 F. Supp. 2d 1032, 1038-40 (N.D. Iowa 2013). Peacock relies on those cases to argue Ellis and

CCLLS's counter-claim-in reply is impermissible because her counterclaims are compulsory. (Doc. 192 at 12-14). However, Peacock does not cite to any binding authority indicating a counterclaim-in-reply is only permissible when it is asserted in response to a permissive counterclaim, and the court has found no such authority. (*See* Docs. 192 & 203). Moreover, federal courts in other circuits have allowed counterclaims-in-reply without regard to whether they are asserted in response to a compulsory or permissive counterclaim. *See Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013); *Power Tools & Supply, Inc.*, 2007 WL 1218701 at *3; *Soilworks, LLC*, 2007 WL 1521585 at *1-2.

Some federal courts have treated a counterclaim-in-reply as an amendment to the complaint or a motion to amend the complaint. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 n.3 (S.D.N.Y. 2007) (citations omitted); *Southeastern Indus. Tire Co., Inc. v. Duraprene Corp.*, 70 F.R.D. 585, 588 (E.D. Pa. 1976). Peacock argues the counterclaim-in-reply should not be permitted in this case because the court has already denied Ellis and CLLC's request for leave to amend the fraudulent misrepresentation claim against Peacock. (Doc. 192, at 12, 14-15; Doc. 203 at 8-10). The court is not persuaded.

First, Peacock does not cite to any binding authority suggesting the court must treat Ellis and CCLLC's counterclaim-in-reply as a motion to amend their fraudulent misrepresentation claim. (*See* Docs. 192 & 203). Next, as discussed

11

above, Ellis and CCLLC's prior fraudulent misrepresentation claim against Peacock was dismissed on the grounds that it was barred by the statute of limitations. (Doc. 158, p. 27). However, compulsory counterclaims are not subject to the statute of limitations under Alabama law. *Romar Dev. Co., Inc.*, 644 So. 2d at 472-73. Therefore, Ellis and CCLLC's fraudulent misrepresentation claim would not have been dismissed with prejudice if it had been asserted as a counterclaim. (*See* Doc. 158, p. 27). Under these unique circumstances, the court concludes that Ellis and CCLLC may assert their fraudulent misrepresentation counterclaim in response to Peacock's counterclaims for declaratory judgment, and the court will not treat the counterclaim-in-reply as an amendment to Ellis and CCLLC's third-party claims against Peacock.

### C. The Counterclaim-In-Reply is Not Due to be Dismissed on the Grounds that Peacock Did Not Have a Duty to Disclose Any Information to Ellis and CCLLC

Finally, Peacock argues the counterclaim-in-reply for fraudulent misrepresentation is due to be dismissed because she did not have a duty to disclose any information to Ellis and CCLLC. (Doc. 192 at 15-16). The court does not agree.

The undersigned previously found that Ellis and CCLC did not allege any facts to suggest that Peacock had a duty to disclose any facts to them and, therefore, did not allege a plausible claim for fraudulent suppression. (Doc. 158 at

12

23-24). However, Ellis and CCLLC's counterclaim-in-reply is a claim for fraudulent misrepresentation, not fraudulent suppression. (*See* Doc. 187). A duty to disclose information is not an element of a fraudulent misrepresentation claim. *See Mantiply v. Mantiply*, 951 So. 2d 638, 653 (Ala. 2006) (citations omitted) (setting out the elements of a fraudulent misrepresentation claim).

Peacock contends the counterclaim-in-reply "is based entirely on Peacock's alleged failure to disclose certain information to Ellis." (Doc. 192, p. 15 (footnote omitted)). However, Ellis and CCLLC allege in part that: (1) Peacock directed Raley to inform Ellis the Property "was a legally created, ready-to-sell condominium project"; (2) "Peacock continued to represent to CCLLC, Ellis, and Superior that the [condominium] units could be sold as a means of paying off the indebtedness due to Superior;" (3) "Peacock . . . informed Ellis and CCLLC that the condominium units were properly formed under applicable law, ready for resale as 62 separate units to third party purchasers"; and (4) "in ongoing communications throughout August, September, October, and November 2007, [] Peacock . . . informed Ellis and CCLLC that [the Property] was a legally created, ready-to-sell condominium project." (*Id.* at ¶¶ 19, 33, 52 & 56). Accordingly, the counterclaim-in-reply for fraudulent misrepresentation is not based solely on a

failure to disclose information, and Peacock has not shown the claim is due be dismissed under Rule 12(b)(6) because she had no duty to disclose.[9]

## IV. CONCLUSION

Based on the foregoing, Peacock's motion to dismiss (Doc. 192) is **DENIED**, and Ellis and CCLLC's counterclaim-in-reply for fraudulent misrepresentation may proceed.

**DONE** this 10th day of October, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[9] In her reply to Ellis and CCLLC's opposition to her motion to dismiss, Peacock argues that any misrepresentations in the contracts and warranty deed cannot be attributed to her. (Doc. 203 at 11). However, arguments raised for the first time in a reply brief will not be considered by the court. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (citations and internal quotations omitted); *Pennsylvania Nat. Mut. Cas. Ins. Co. v. J.F. Morgan Gen. Contractors, Inc.*, 79 F. Supp. 3d 1245, 1256 (N.D. Ala. 2015) (declining to consider an argument raised for the first time in a party's reply brief) (citations omitted).